IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

NEXTGEAR CAPITAL, INC.                                                              PLAINTIFF

vs.                          Case No. 4:14-cv-00256-JM

ARKANSAS AUTO EXCHANGE, INC.;
R J's AUTO SALES, INC. d/b/a
R J's AUTO SALES; RODNEY F. BOWDEN
a/k/a RODNEY FARRELL BOWDEN;
SIMMONS FIRST NATIONAL BANK
successor by merger to METROPOLITAN
NATIONAL BANK                                                                       DEFENDANTS

**BRIEF IN SUPPORT OF DEFENDANT SIMMONS
FIRST NATIONAL BANK'S MOTION TO DISMISS**

**I.  INTRODUCTION**

The Plaintiff sued Simmons First National Bank ("Simmons") on the belief that defendant R J's Auto Sales, Inc. ("RJ") deposited proceeds from the sale of certain vehicles into RJ's checking accounts held at Simmons, and that Simmons applied the proceeds of those sales to a debt owed to Simmons.  (Doc. No. 1, Compl. ¶¶ 28, 51-61.)  The Complaint lacks any specific information about the dates or amounts of any of the alleged deposits.  (*Id.*)  There is no legal basis for Simmons to be held liable even if the allegations in the Complaint are taken as true.  But the allegations are not true at all.

RJ did not make any deposits into a Simmons checking account that can be traced to the proceeds of any NextGear collateral.  RJ's checking account at Simmons had a negative balance for most of the month of December.  Supposing, however, that any identifiable proceeds were deposited into RJ's Simmons checking account, the lowest intermediate balance of the account

was below zero.  *See McCourt v. Triplett*, 2010 Ark. App. 567, at 5.  The Plaintiff does not have a viable lien claim to any money held in a Simmons deposit account.

The Plaintiff's Complaint fails to state a claim upon which relief can be granted against Simmons First National Bank.  This Court should dismiss the Plaintiff's Complaint against Simmons First National Bank with prejudice.

## II.  FACTS

Defendant RJ's Auto Sales, Inc. had a checking account at Simmons First National Bank and a line of credit secured by real estate on Chicot Road in Mabelvale, Arkansas.  (Exhibit 1, Affidavit of Steve Wade ¶ 3, May 23, 2014; Exhibit 2, Loan Inquiry Summary.)  Simmons did not make a floorplan loan to RJ or any loan secured by RJ's vehicles or inventory.  (Ex. 1, Wade Aff. ¶ 4.)  The line of credit loan was 100% advanced in the amount of $155,000.00 throughout the month of December 2013.  (Ex. 1, Wade Aff. ¶ 6.)  The line of credit loan was paid off from the sale of Simmons' real estate collateral on January 21, 2014 in the form of a closing check from a local title company.  The payoff was not made from proceeds of any vehicle sales.  (Ex. 1, Wade Aff. ¶ 7.)

RJ's checking account had a negative balance at the close of each business day from December 4, 2013 until December 23, 2013 when it had ending balance of $53.30.  Numerous checks and drafts were returned during the time period of December 2 to December 23 due to insufficient funds.  (Ex. 1, Wade Aff. ¶ 10; Exhibit 3, RJ's Checking Account Statement, Dec. 2013.)  RJ's checking account did not receive any deposits of identifiable vehicle proceeds from December 2, 2013 to December 22, 2013.  All deposits made during this time period were transfers from other bank accounts or small deposits of $600 or less.  (Ex. 1, Wade Aff. ¶ 11; Ex. 3, RJ's Checking Account.)  On December 4, 2013, Defendant Arkansas Auto Exchange, Inc. ("AAE") transferred $8,000.00 to RJ's checking account to cover two separate payments to

NextGear Capital, Inc. in the amount of $2,233.71 and $5,929.96.  The total amount those payments was $8,163.67.  Because the account did not have sufficient funds to cover the payment, the payments were completed as a result of Simmons providing overdraft protection.  (Ex. 1, Wade Aff. ¶ 12; Ex. 3, RJ's Checking Account.)  Any checks or ACH draw requests from RJ's checking account returned or rejected on December 12-13, 2013 were due to insufficient funds in the account.  (Ex. 1, Wade Aff. ¶ 13; Ex. 3, RJ's Checking Account.)  Likewise, AAE's bank account had a negative closing balance for each day from December 6, 2013 until December 13, 2013, with the exception of December 27, 2013, when the closing balance was $0.00.  (Ex. 1, Wade Aff. ¶ 16; Ex. 4, AAE's Checking Account Statement, Dec. 2013.)

### III.  STANDARD OF LAW

Rule 8 requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* at 678.  The information in the complaint must be enough to provide grounds to support the claim and "to raise the right to relief above a speculative level."  *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).  The Plaintiff's Complaint fails on this fundamental ground.  It fails to state a claim even if the alleged facts are taken as true.

Furthermore, the alleged facts are not true at all.  Because they go to the heart of the Plaintiff's allegations, Simmons has attached account records to support its motion to dismiss.  *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (holding that district court may consider "materials that are necessarily embraced by the pleadings").  Simmons understands that the submission of matters outside of the pleadings may cause this motion to be treated as a motion for summary judgment under Fed. R. Civ. P. 12(d).  Summary judgment is

appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Riehm v. Engelking*, 538 F.3d 952, 962 (8th Cir. 2008). Simmons invites the Plaintiff to present all evidence that it can muster to support its allegations against Simmons so that this motion can be decided expeditiously.

## IV. ARGUMENT

### A. On its face, the Complaint does not state a claim upon which relief can be granted.

It is impossible to tell from the Complaint exactly what Simmons is being accused of. The Complaint alleges that Simmons "offset and/or debited the checking account of RJs and applied funds to its outstanding debt . . . ." (Doc. No. 1, Compl. ¶ 28.) The Plaintiff does not allege when these alleged offsets or debits occurred. It does not allege how any funds that Simmons may have received may be traced to the proceeds of vehicles upon which the Plaintiff claims a security interest. It does not allege facts to show that the Plaintiff had a perfected priority claim to those funds.

From the face of the Plaintiff's complaint, any bank that offers checking accounts or savings accounts would have unlimited, indeterminate liability to any other lender who may claim an interest in "proceeds." In effect, it would impossible for an automobile dealer with floor-plan financing, such as RJ, to have a depository bank account except from the same lender who provided floor-plan financing.

If strict "bank account liability" is the Plaintiff's theory, it fails as matter of law. The Uniform Commercial Code provides that a priority lien on a depository account is perfected by <u>control</u>, not by filing a UCC financing statement. ARK. CODE ANN. § 4-9-327(1) ("A security interest held by a secured party having control of the deposit account under § 4-9-104 has priority over a conflicting interest held by a party that does not have control."). As a matter of

law, Simmons First National Bank had "control" over the checking and savings accounts it maintained for RJ.  Section 9-104 of the Uniform Commercial Code specifically provides that: "A secured party has control of a deposit account if . . . the secured party is the bank with which the deposit account is maintained . . . ."  ARK. CODE ANN. §4-9-104(a).  These provisions of the UCC are simply a recognition of the common-law "banker's lien" which has existed since the earliest days of banking.  *See, e.g.*, *Rosa v. Colonial Bank*, 542 A.2d 1112, 1116 (Conn. 1988); *Rush v. Citizens' Nat'l Bank*, 114 Ark. 170, 169 S.W. 177 (1914); *Cockrill v. Joyce*, 62 Ark. 216, 35 S.W. 221 (1896).

Even if taken in the light most favorable to the Plaintiff, at most the Complaint alleges that Simmons exercised a "banker's lien" which is entirely permissible under Arkansas law.  The Plaintiff has fails to allege a cause of action against Simmons.  As to Simmons, the Complaint amounts to "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  The Complaint should be dismissed for failure to state a claim.

### B. The indisputable facts show that the claim against Simmons is without merit.

There is no evidence that the proceeds of any vehicles were deposited into RJ's checking account at Simmons during the relevant time period or that Simmons exercised any lien or offset rights.[1]  The account records from December 2013 show RJ did not deposit the identifiable proceeds of any vehicles in a Simmons account from December 2, 2013 to December 22, 2013.  (Ex. 1, Wade Aff. ¶ 11; Ex. 3, RJ's Checking Account.)  The largest outflows from the checking account during that time period were payments of $2,233.71 and $5,929.96 made to the Plaintiff NextGear Capital, Inc.  (Ex. 1, Wade Aff. ¶ 12; Ex. 3, RJ's Checking Account.)  The account had

---

[1] The Complaint does not identify a time period during which the alleged conduct of Simmons occurred.  Counsel for the Plaintiff has informed counsel for Simmons that the allegations against Simmons arise from transactions that allegedly occurred from December 2, 2013 until December 13, 2013.

a negative balance at the close of each business day from December 4, 2013 until December 23, 2013 when it had an ending balance of $53.30. (Ex. 1, Wade Aff. ¶ 10; Ex. 3, RJ's Checking Account.)  Due to the negative balance, RJ owed money to Simmons during that time period.

The Plaintiff cannot show that proceeds from any vehicle sales were deposited into RJ's checking account at Simmons.  Supposing that it could make this showing, its claim would still fail as a matter of law because of the "lowest-intermediate-balance" rule.  *McCourt v. Triplett*, 2010 Ark. App. 567, at 5; *Metropolitan National Bank v. La Sher Oil Co.*, 81 Ark. App. 269, 274, 101 S.W.3d 252, 255 (2003).  Under the "lowest-intermediate-balance" rule:

> [A] presumption exists that the proceeds from the sale of collateral remain in the debtor's bank account so long as the balance equals or exceeds the amount of the proceeds.  **When the balance drops below the amount of the proceeds, the creditor's security interest in the account abates accordingly.** . . . Subsequent deposits of proceeds will again increase the creditor's security interest in the account, but subsequent deposits of non-proceeds will not.

*McCourt*, 2010 Ark. App. 567, at 5 (emphasis added).  Supposing that Simmons did not have a priority "banker's lien" in the checking account, any interest of the Plaintiff would be the lowest balance of the account during the relevant time period.  In this case, the lowest intermediate balance was negative.

There was nothing in a Simmons depository account to which a "proceeds" lien could attach.  The Plaintiff's Complaint should be dismissed with prejudice.

## V. CONCLUSION

For the reasons stated above, Defendant Simmons First National Bank respectfully requests that the Court dismiss the Plaintiff's complaint against it, award Simmons its attorneys' fees and costs in responding to this lawsuit, and grant all other relief to which Simmons is entitled.

        Respectfully submitted,

        KUTAK ROCK LLP
        124 W. Capitol Avenue, Suite 2000
        Little Rock, Arkansas 72201
        Phone: 501-975-3000
        Fax: 501-975-3001

By: /s/ Andrew King
     Andrew King, Ark. Bar No. 2007176
     Andrew.King@KutakRock.com

*Attorney for Defendant*
*Simmons First National Bank*

CERTIFICATE OF SERVICE

    I hereby certify that on May 23, 2014, I filed this document through the Court's electronic filing system, which will shall notice of this filing to all counsel of record who have appeared in this matter.

- Henry C. Shelton , III
  henry.shelton@arlaw.com
- Emily Campbell Taube
  emily.taube@arlaw.com

        /s/ Andrew King
        Andrew King